CITY OF CINCINNATI, APPELLANT, *v.* MANDEL ET AL., APPELLEE.

[Cite as City of Cincinnati v. Mandel, 9 Ohio Misc. 235.]

(Nos. A216759, A216775, A216776—Decided December 14, 1966.)

Common Pleas Court of Hamilton County.

*Mr. Robert Steman,* for appellant.
*Mr. Sol Goodman,* for appellee.

BETTMAN, J. This matter is before the court on the motion of the property owner for a determination of the date the prop-

erty was taken in these three cases, consolidated, and the date for valuation of the property.

The court would like to have had time, perhaps, to review the documented, accurate detail of all of the evidence shown, but in the interest of time, because I know both the city and property owner would like to have the matter resolved, the court will just proceed on the general principles which I am quite certain the details of the evidence buttress.

The courts of the state have adopted the position that the constitution requires just compensation. Just compensation means valuing property in such a way as not to diminish or depreciate its value because of steps taken by the public authority in carrying out a plan.

Obviously, this is a fair procedure and a correct one. The public authority couldn't be allowed to, and wouldn't want to for that matter, raise itself by its own bootstraps. That has led to cases typical of which is the *Carcione case* (118 Ohio App. 525), which establishes the principle that property should be valued in such a way as to reflect its true value before its depreciation in value caused by the project. In other words, as they say in *Carcione*: "* * * the fair market value thereof immediately before such urban renewal authority took active steps to carry out the work of such project, which to any extent depreciated the value of such property."

Now, the evidence here establishes that the parcels with which we are dealing were part of the so-called River Front Development, as far as planning goes, as far back as 1961. Plans, however, as we know, are often made and never become a reality. I think both counsel in this case are old enough to remember that we had a plan for a civic center on Court Street made in 1925 which has yet to become a reality.

However, in this case, things began to develop and I think that in each the court has to consider, I suppose, what you would call a totality of the circumstances. In this case the city did proceed with appropriating for a public park, pursuant to this general overall plan, a large area, I understand, to the east of the parcels in question; and then around 1962 actually commenced the steps necessary to appropriate these parcels and I believe I am correct, I don't have the exhibit in front of me, but I believe I am correct in stating that resolutions were passed

dealing with this particular property, in 1962.

The evidence also shows that plot plans were made in the latter part of 1962 of these properties for the purpose of proceeding with appropriation, and appraisers were sent in by the city who appraised the property in December of 1962.

One of the tenants, Mr. Peters, was dealt with by the City Business Relocation Office, in April of 1963.

Now, when you combine that with the testimony of the property owner that beginning about that same period, the total effect of the activity of the city tearing down and appropriating nearby property, overall plans, specific appraisals and activity in regard to this property, all of which must, of necessity, be public knowledge—when you combine all that, the court concludes that from that period on the value of this property was depreciated. It couldn't help but be depreciated. Obviously, tenants are not going to move into property under threat of condemnation. Existing tenants are going to either move out or reduce their rents. I think this is to be expected, and this is what the evidence shows.

So, the court feels that it would be correct, in this case, to fix the date for valuation of the property as January 1, 1963. As far as the date the property was taken is concerned, the property has not yet been taken, no steps so far taken by the city amount to an actual taking of the property, and, therefore, the date the property was taken will be the date on which the jury returns its verdict.